IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ADVANCED CODING TECHNOLOGIES LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § | CIVIL ACTION NO.  2:24-CV-00353-JRG |
| GOOGLE LLC, | § § | |
| *Defendant*. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Google LLC's Motion to Dismiss First Amended Complaint for Failure to State a Claim (the "Motion"). (Dkt. No. 40.) Having considered the Motion, the briefing, and for the reasons set forth herein, the Court is of the opinion that the Motion should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.    BACKGROUND

On May 10, 2024, Plaintiff Advanced Coding Technology ("ACT") filed this action against Google for infringement of three patents: U.S. Patent No. 8,090,025 (the "'025 Patent"), U.S. Patent No. 9,986,303 (the "'303 Patent"), U.S.  Patent No. 10,218,995 (the "'995 Patent"). (Dkt. No. 1 at ¶¶ 72-74.) On August 2, 2024, ACT filed an Amended Complaint including allegations of indirect infringement of the same three patents plus three more patents: U.S. Patent No. 9,042,448 (the "'448 Patent"), U.S. Patent No. 8,230,101 (the "'101 Patent"), and U. S. Patent No. 7,804,891 (the "'891 Patent") (collectively, the "Asserted Patents").  (Dkt. No. 23 at ¶¶ 75-77, 105-06, 122-23, 138-39, 156-57, 172-73, 184-86.)   The Amended Complaint also includes allegations of willful infringement. (*Id.* at ¶¶ 107, 124, 140, 158, 174, 187.)  On October 3, 2024, Google filed this Motion seeking to dismiss ACT's allegations of indirect infringement of the '101 and '891 Patents and ACT's allegations of willful infringement of the '101 Patent.  (Dkt. No. 40.)

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court can dismiss a complaint that fails to meet this standard. FED. R. CIV. P. 12(b)(6). "To survive dismissal at the pleading stage, a complaint must state 'enough facts such that the claim to relief is plausible on its face.'" *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* Ultimately, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

## III.    DISCUSSION

### A.    Indirect Infringement

Google argues that ACT's indirect infringement claims should be dismissed because ACT has not plausibly pled that Google had the requisite knowledge of the '101 and '891 Patents or that Google was willfully blind to its infringement of the '101 and '891 Patents. (Dkt. No. 40 at 2-3.) Additionally, Google argues that ACT fails to provide a sufficient factual basis for its claims of induced infringement and contributory infringement. (*Id.* at 3-4.)

### 1.    Requisite Pre-Suit Knowledge for Indirect Infringement

First, Google argues that ACT neither alleges Google had pre-suit knowledge of '101 and '891 Patents nor facts sufficient to support a willful blindness theory.  (Dkt. No. 40 at 2-3.) In response, ACT concedes that it is not alleging pre-suit knowledge.  (Dkt. No. 44 at 1.)  Instead, ACT argues that not only are allegations of post-suit knowledge sufficient because the law has no requirement for pre-suit knowledge, but also that the filing and service of a complaint is sufficient to satisfy the knowledge requirement of indirect infringement. (Dkt. No. 41 at 2-3.)

The Court finds that ACT has adequately alleged the requisite knowledge element for its claims of post-suit indirect infringement for the '101 and '891 Patents.  ACT alleges that "[Google] has had actual notice of the '101 and '891 Patents, at least as of the filing date of this First Amended Complaint" and continues to indirectly infringe.  Dkt. No. 23 at ¶¶ 89, 172; *see Corydoras Techs., LLC v. Apple Inc*., No. 2:16-CV-00538-JRG, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016) ("[A] patentee need not allege pre-suit knowledge of the patent to state a claim for post-suit induced infringement."). In light of ACT's admission that it is not alleging pre-suit knowledge, however, the Court finds that ACT's pre-suit indirect infringement allegations should be dismissed. *See CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc*., No. 2:23-CV-00311-JRG, 2024 WL 1219725, at *6 (E.D. Tex. Mar. 20, 2024) (dismissing pre-suit indirect infringement allegations where plaintiff failed to plead any facts showing that defendant knew of the asserted patents prior to the lawsuit.").

### 2.    ACT's Claim of Induced Infringement

To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement. 35 U.S.C. § 271(b); *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Google argues that ACT fails to sufficiently plead a factual basis for its induced infringement allegations because the Amended Complaint fails to provide a factual basis to show that Google induces infringement of the '101 and '891 Patents. (Dkt. No. 40 at 3-4 (citing Dkt. No. 23 at ¶¶ 172, 184).)  ACT contends that its allegations are sufficient because they are similar to allegations that courts have previously held were sufficient.  (Dkt. No. 41 at 4-5 (citing *Lexington Luminance LLC v. Lowe's Home Centers, LLC*, No. 4:18-CV-301-ALM-KPJ, 2019 WL 1417440, at *2 (E.D. Tex. Mar. 13, 2019), *report and recommendation adopted*, No. 4:18-CV-301, 2019 WL 1407421 (E.D. Tex. Mar. 28, 2019) (finding that the complaint sufficiently pled induced infringement where defendant "instructs customers on how to use the infringing technology").)

The Court agrees with ACT and finds that ACT sufficiently pleads induced infringement of the '101 and '891 Patents.  Here, ACT pleads that Google intends that customers and end-users use the '101 and '891 Accused Products in an infringing manner, and ACT supports this allegation by pointing out that Google provides these third parties with instructions, documentation, and other information on how to use the infringing technology.  (Dkt. No. 23 at ¶¶ 172, 184.) As additional support, ACT provides links to specific Google documents.  Accordingly, ACT's Amended Complaint pleads the intent required to support its claims of induced infringement.

### 3.    ACT's Claim of Contributory Infringement

Contributory infringement occurs if a party sells or offers to sell a material or apparatus for use in practicing a patented process and that material or apparatus is a material part to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent.  35 U.S.C. § 271(c); *In re Bill of Lading*, 681 F.3d at 1337.  Accordingly, to state a claim for contributory infringement,

a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses. *In re Bill of Lading*, 681 F.3d at 1337.

Google argues that ACT fails to sufficiently plead a factual basis for its contributory infringement claims because the allegations are conclusory recitations that do not identify how the accused components are material and especially adapted for infringement or why they have no substantial non-infringing uses. (Dkt. No. 40 at 4-5 (citing Dkt. No. 23 at ¶¶ 173, 185).) In particular, Google argues that the allegations pled do not make it reasonably plausible to infer that using its Cloud CDN or 5G cannot be done without infringing the '101 and '891 Patents. (Dkt. No. 42 at 2-3.)

In response, ACT argues that its allegations surpass the relatively low bar required at this stage for pleading contributory infringement. (Dkt. No. 41 at 5-6 (citing *Lexington*, 2019 WL 1417440, at *2; *Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 826 (E.D. Tex. 2019)).) ACT contends that its Amended Complaint specifically identifies the Accused Products, provides significant detail about the Accused Products, explains how the Accused Products and the accused components infringe the Asserted Patents, and explains how their functionalities correlate to the Asserted Patents.  (Dkt. No. 44 at 3-4 (citing Dkt. No. 23 at ¶¶ 86, 163-173, 177-185.).)

The Court finds that ACT has sufficiently pled post-suit contributory infringement. First, ACT's Amended Complaint identifies the Accused Products relating to the '101 and '891 Patents. (*See* Dkt. No. 23 at ¶¶ 83-84, 86, 163, 177.)  For example, ACT identifies the Accused Products for the '101 Patent as  "Google's systems that perform network content delivery, including YouTube, which utilize one or more video codecs for network content delivery, Defendant's Google Cloud Content Delivery Network (CDN), and Defendant's Google Smart Home (the '101 Accused Products), which includes a server device for media."  (Dkt. No. 23 at 163.)  ACT then

explains in considerable detail how these Accused Products and accused components infringe the Asserted Patents. (*See* Dkt. No. 23 at ¶¶ 165-173, 177-185.)  Accordingly, after considering ACT's specific identification of the Accused Products and the accused components along with ACT's specific explanation of how the functionalities of the Accused Products correlate to the Asserted Patents, it is reasonable to infer, at the motion to dismiss stage, that the Amended Complaint states adequate facts to infer the technology has no other substantial non-infringing use except to perform the accused functionalities.

### B.    Willful Infringement

Google argues that ACT fails to plausibly plead willful infringement of the '101 Patent because a claim for willfulness requires both knowledge of the patent and knowledge of infringement. (Dkt. No. 40 at 5.)  Google contends that ACT fails to allege that Google had pre-suit knowledge of the '101 Patent because the Amended Complaint does not allege any factual conduct showing pre-suit knowledge. (Dkt. No. 40 at 5.)  Google also argues that ACT fails to plead facts showing deliberate or intentional infringement as required for willful infringement.  (Dkt. No. 40 at 6 (citing *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) ("[T]he concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement.").)

In response, ACT concedes that it is not alleging pre-suit knowledge.  (Dkt. No. 44 at 1.) ACT argues, however, that it has adequately pled willful infringement because alleging post-suit knowledge and Google's continuing infringement is sufficient.  (Dkt. No. 41 at 6.)  In support, ACT contends that willfulness can be pled by either pre-suit and post-suit knowledge. (*Id.* (citing e.g., *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-CV-00181-JRG, 2021 WL 6618529, at *8 (E.D. Tex. Nov. 30, 2021) ("[A]n allegation that a defendant continues its allegedly infringing

conduct even after receiving notice of a complaint is sufficient to at least state a claim for willful infringement.").)

Here, ACT pleads that "[Google] has had actual notice of the '101 and '891 Patents, at least as of the filing date of this First Amended Complaint," and "continues to infringe."  (Dkt. No. 23 at ¶¶ 89, 163, 172-174.)   As this Court has routinely held, "a plaintiff need not plead facts demonstrating egregious [*i.e.*, 'culpable'] conduct to establish a claim for willful infringement at the 12(b)(6) stage." *Touchstream Techs., Inc. v. Altice USA, Inc.*, No. 2:23-CV-00059-JRG, 2024 WL 1117930, at *3 (E.D. Tex. Mar. 14, 2024) (quoting *Argina Tech. Ltd. v. Bayerische Motoren Werke AG*, 2:21-CV-00172-JRG, 2022 WL 610796, at *6 (E.D. Tex. Jan. 24, 2022)).   Instead, "allegations that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint are sufficient to at least state a claim for post-suit willful infringement." *Id*. (quoting *Argina*, 2022 WL 610796, at *6).  The Complaint, therefore, notifies Google of the '101 Patent that it is accused of infringing, it recites facts which state a plausible claim of direct and indirect infringement for the '101 Patent, and it alleges that Google continues its infringing activities. Thus, it is plausible to infer from these facts that Google could be deliberately continuing to infringe despite notice they are infringing the '101 Patent.

Accordingly, the Court finds that ACT sufficiently pleads facts supporting a claim for post-suit willful infringement for the '101 Patent.  However, since the Amended Complaint fails to suggest that Google had pre-suit knowledge of the '101 Patent taken together with ACT's admission that it does not allege pre-suit knowledge, the Court concludes that ACT has failed to state a claim for pre-suit willful infringement.

## IV.     CONCLUSION

For the reasons noted above, the Motion is **GRANTED** with respect to pre-suit induced infringement and pre-suit contributory infringement of '101 and '891 Patents and pre-suit willful infringement of '101 Patent.  However, the Motion is **DENIED** in all other respects.

Accordingly, ACT's claims of pre-suit induced infringement and pre-suit contributory infringement of '101 and '891 Patents and pre-suit willful infringement of '101 Patent are **DISMISSED WITHOUT PREJUDICE**.  ACT is permitted leave during the ensuing fourteen days from the issuance of this Order to amend its allegations of pre-suit induced infringement and pre-suit contributory infringement of '101 and '891 Patents and pre-suit willful infringement of '101 Patent through the filing of a subsequently amended complaint. Failure to amend within fourteen days, or any period extended by the Court, shall constitute a substantive waiver of these matters.

**So ORDERED and SIGNED this 12th day of December, 2024.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE